**Case Number 26-6018**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE EIGHTH CIRCUIT**

In the Matter of ROBERT KEITH MONROE, Debtor

ROBERT KEITH MONROE,
Debtor-Appellant,
v.
JB'S PROPERTIES AND INVESTMENTS, LLC,
JEFFREY NICHOLS AND EMILY NICHOLS,
Appellees.

Appeal from the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division
Hon. Kathy A. Surratt-States, United States Bankruptcy Judge
Bankr. No. 24-42413-659

# APPELLANT'S REPLY BRIEF

Andrew R. Magdy, #60390
Summers Compton Wells LLC
903 S. Lindbergh Blvd., #200
St. Louis, MO 63131
(314) 991-4999

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii
INTRODUCTION ........ 1
ARGUMENT ........ 2
I. The Rooker-Feldman Doctrine Does Not Apply. ........ 2
A. The "Inextricably Intertwined" Formulation Does Not Survive Exxon Mobil. ........ 2
B. Monroe's Motion Does Not Seek Review and Rejection of Any State-Court Judgment. ........ 4
C. Caldwell Confirms the Point. ........ 8
D. Appellees Misread Sutter. ........ 9
E. Preclusion Is Not a Basis for Affirmance on This Record. ........ 9
II. The Monroe Trust Is a Qualified Spousal Trust, and Item Seven Is Not "Inconsistent With" § 456.950. ........ 11
A. Appellees Do Not Dispute That the Trust Satisfies § 456.950.1. ........ 11
B. Section 456.950 Displaces the Common-Law Severance Rule on Which Appellees Rely. ........ 12
C. Brewer Supports Monroe. ........ 13
D. Appellees Misread Item Seven. ........ 14
E. Appellees Apply the Wrong Test. ........ 17
F. Appellees' Federalism Objection Is Unsupported. ........ 18
III. Rule 9029(b) Barred Denial of Relief for Failure to Use Local Form 56. ........ 19
A. Appellees Do Not Contend That Any Departure Was Willful. ........ 19
B. Appellees Confuse a Rule's Validity With Its Enforcement. ........ 20
C. The Motion and Its Exhibits Presented Every Element of the Claim. ........ 21
D. The Asserted Entireties Exemption Requires Full Avoidance if Sustained. ........ 23
E. At a Minimum, the Defect Was Curable. ........ 24
IV. Reversal Rather Than Remand Is the Appropriate Remedy. ........ 25
CONCLUSION ........ 25
CERTIFICATE OF COMPLIANCE ........ 27
CERTIFICATE OF SERVICE ........ 27

## TABLE OF AUTHORITIES

**Cases**

*Arrieta v. Smith (In re Smith)*, 673 B.R. 1 (B.A.P. 8th Cir. 2025) ..........................10

*Bank of Am., N.A. v. Outboard Marine Corp. (In re Outboard Marine Corp.)*, 300 B.R. 308 (Bankr. N.D. Ill. 2003)..................................20–21

*Bob Sutton Realty & Loans, LLC v. Darnell (In re Darnell)*, Adv. No. 24-01008-357, 2025 WL 1165252 (Bankr. E.D. Mo. Apr. 21, 2025) ..................................................................................................24

*Briggs v. Rendlen (In re Reed)*, 943 F.3d 849 (8th Cir. 2019) ....................19–20, 25

*Butner v. United States*, 440 U.S. 48 (1979)...........................................................18

*Caldwell v. DeWoskin*, 831 F.3d 1005 (8th Cir. 2016)...................................5, 8, 10

*Chay-Velasquez v. Ashcroft*, 367 F.3d 751 (8th Cir. 2004)....................................18

*Clark Oil & Ref. Corp. v. Ashcroft*, 639 S.W.2d 594 (Mo. 1982) (en banc)..........................................................................................................13

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) ..............................................2

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)...........................................................................................2–5, 9–10

*Ferren v. Searcy Winnelson Co. (In re Ferren)*, 203 F.3d 559 (8th Cir. 2000) (per curiam) ..........................................................................................4

*Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031 (8th Cir. 1999).........................4

*Garner v. Strauss (In re Garner)*, 952 F.2d 232 (8th Cir. 1991).............................23

*GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726 (7th Cir. 1993)..........................10

*Gisslen v. City of Crystal*, 345 F.3d 624 (8th Cir. 2003)......................................2–4

*In re Belew*, 588 B.R. 875 (B.A.P. 8th Cir. 2018)...................................................18

*In re Bellingroehr*, 403 B.R. 818 (Bankr. W.D. Mo. 2009) ...................................16

*In re Bergman*, 663 B.R. 768 (Bankr. D. Neb. 2024).............................................24

*In re Brewer*, 544 B.R. 177 (Bankr. W.D. Mo. 2015).....................11, 13–14, 17, 19

*In re Command Servs. Corp.*, 102 B.R. 905 (Bankr. N.D.N.Y. 1989) ..................................................................................................................25

*In re Glendale Lee Becking Tr.*, 648 S.W.3d 810 (Mo. Ct. App. 2022) ..................................................................................................................16

*In re Gostian*, 215 B.R. 237 (Bankr. M.D. Ala. 1997)...........................................23

*In re Lepar*, 272 B.R. 758 (Bankr. M.D. Fla. 2001)..................................................9

*In re Moche*, 679 B.R. 135 (Bankr. S.D.N.Y. 2026) ........................................20–21
*In re Mus*, 598 B.R. 623 (Bankr. D. Minn. 2019) ..............................................6
*In re Quade*, 482 B.R. 217 (Bankr. N.D. Ill. 2012), *aff'd*, 498 B.R. 852 (N.D. Ill. 2013) ..............................................5
*In re Scannell*, 453 B.R. 36 (Bankr. D.N.H. 2011) ..............................................24
*In re Schweizer*, No. 6:07-bk-04679-ABB, 2008 WL 5636386 (Bankr. M.D. Fla. Oct. 23, 2008)..............................................9
*In re Speyside Holdings LLC*, 679 B.R. 884 (Bankr. E.D.N.Y. 2026) ..............................................9
*In re Stanke*, 234 B.R. 439 (Bankr. W.D. Mo. 1999) ..................................12–13, 17
*In re Swizzlestick, L.L.C.*, 253 B.R. 264 (Bankr. W.D. Mo. 2000) ..........................25
*In re Zambre*, 306 B.R. 428 (Bankr. D. Mass. 2004) ..............................................9
*Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 273 B.R. 199 (B.A.P. 8th Cir. 2002), *aff'd*, 328 F.3d 406 (8th Cir. 2003)........................23
*Lance v. Dennis*, 546 U.S. 459 (2006) (per curiam)..............................................9
*Larson v. Winkler*, 690 S.W.3d 193 (Mo. Ct. App. 2024)......................................16
*Law v. Siegel*, 571 U.S. 415 (2014) ..............................................18
*Lemonds v. St. Louis County*, 222 F.3d 488 (8th Cir. 2000) ......................................3
*Lund-Ross Constructors, Inc. v. Buchanan (In re Buchanan)*, 31 F.4th 1091 (8th Cir. 2022) ..............................................10
*McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006)..........................................7
*MSK EyEs Ltd. v. Wells Fargo Bank, Nat'l Ass'n*, 546 F.3d 533 (8th Cir. 2008)..............................................5, 7
*Olsen v. Reuter (In re Reuter)*, 499 B.R. 655 (Bankr. W.D. Mo. 2013) ..............................................11, 19
*Owen v. Owen*, 500 U.S. 305 (1991) ..............................................24
*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) ..............................................2
*Schroeder v. Rouse (In re Redding)*, 265 B.R. 601 (B.A.P. 8th Cir. 2001) ..............................................20–21
*Schwab v. Reilly*, 560 U.S. 770 (2010) ..............................................24
*Shelby Cnty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836 (8th Cir. 2017) ..............................................3, 5
*Specialized Loan Servicing, LLC v. Devita*, 610 B.R. 513 (E.D.N.C. 2019)..............................................20–21



Appellate Case: 26-6018 Page: 4 Date Filed: 10/30/2026 Entry ID: 5700858

*State ex rel. Schmitt v. Crane*, 641 S.W.3d 357 (Mo. Ct. App. 2021) .......... 13
*Sutter & Gillham PLLC v. Henry*, 146 F.4th 699 (8th Cir. 2025) .......... 2–5, 9–10
*T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668 (2026) .......... 2–3, 5, 7
*Taylor v. Sturgell*, 553 U.S. 880 (2008) .......... 10
*United States v. Daye*, 90 F.4th 941 (8th Cir. 2024) .......... 18
*Van Der Heide v. LaBarge (In re Van Der Heide)*, 164 F.3d 1183 (8th Cir. 1999) .......... 23
*Walker v. James*, 85 S.W.2d 876 (Mo. 1935) .......... 16

**Statutes**

11 U.S.C. § 362(a) .......... 7
11 U.S.C. § 522(b)(3) .......... 18, 24
11 U.S.C. § 522(f) .......... 4–7, 23–25
Mo. Rev. Stat. § 456.7-703 .......... 16
Mo. Rev. Stat. § 456.8-815 .......... 17
Mo. Rev. Stat. § 456.950 .......... passim
L. 2024, S.B. 1359 .......... 11

**Rules**

Fed. R. Bankr. P. 9029(a)(1)(A) .......... 20–21
Fed. R. Bankr. P. 9029(a)(2) (pre-Dec. 1, 2024 version) .......... 19–20
Fed. R. Bankr. P. 9029(b) .......... 1, 19–22, 24
Bankr. E.D. Mo. L.R. 1001(B) .......... 20
Bankr. E.D. Mo. L.R. 4003-1 .......... 24
Bankr. E.D. Mo. L.R. 4003-2 .......... 20–21
Bankr. E.D. Mo. Local Form 56 .......... 1, 19, 21–22

**Other Authorities**

4A John A. Borron, Jr. & David M. English, *Missouri Practice: Probate and Surrogate Laws Manual* § 456.950 author's cmt. (2d ed. Supp. 2026) .......... 12, 14

## INTRODUCTION

Each of Appellees' three grounds for affirmance rests on a premise that does not hold.[1] On jurisdiction, they rely on formulations of Rooker-Feldman that the Eighth Circuit has recognized as superseded. On the merits, they rely on pre-statute severance law and read a clause of the Monroe Trust that limits trustee power as though it granted that power to each spouse. On the local form, they defend what Federal Rule of Bankruptcy Procedure 9029(b) forbids: denying relief for a nonwillful departure from a prescribed form.

Appellees also leave much unanswered. They do not dispute that the Trust satisfies § 456.950.1, invoke preclusion, contend that Monroe's departure from Local Form 56 was willful, answer Monroe's showing that § 456.950 displaces the common-law severance rule, or address remedy. The Order should be reversed.[2]

---

[1]JB's Properties and Investments, LLC ("JB's") filed the principal brief for Appellees. Jeffrey and Emily Nichols moved to join that brief on October 9, 2026, and the motion was granted on October 16, 2026. This reply cites that brief as "Appellees' Br." and Monroe's opening brief as "Appellant's Br."

[2]Monroe corrects several record citations in his opening brief, which cited the exhibits to Doc. 18 by their position in the ECF document menu, where the motion itself is the first item. This reply uses the attachment numbers in the docket entry, which track the exhibit numbers and match the Order's citations: the Monroe Trust is Doc. 18-1 (Exhibit 1); the amended state-court judgment is Doc. 18-2 (Exhibit 2); the April 11, 2024 order denying the Petition to Quash Execution is Doc. 18-9 (Exhibit 9); and the orders denying writ relief are Docs. 18-10 and 18-11 (Exhibits 10 and 11). References in the opening brief to the Bankruptcy Court's Order as Doc. 38 or Doc. 18-2 should read Doc. 46. And the Notice of Appeal was filed on

## ARGUMENT

### I. The Rooker-Feldman Doctrine Does Not Apply.

Appellees call Rooker-Feldman "[t]he essential initial inquiry" and devote most of their brief to it. Appellees' Br. 7, 17–28. Under *Exxon Mobil*, *T.M.*, and *Sutter*, however, the doctrine reaches only a federal action that asks a lower federal court to review and reject a state-court judgment. Monroe's motion asked for no such thing.

#### A. The "Inextricably Intertwined" Formulation Does Not Survive Exxon Mobil.

Appellees' jurisdictional argument rests on the premise that a federal court lacks jurisdiction over any claim "inextricably intertwined" with a state-court decision, including "more indirect attempts by federal plaintiffs to undermine state court decisions." Appellees' Br. 22–23, 27 (quoting *Gisslen v. City of Crystal*, 345 F.3d 624, 627 (8th Cir. 2003)). That premise misstates the doctrine. *Rooker* and *Feldman* establish that no federal court other than the Supreme Court may exercise appellate jurisdiction to reverse or modify a state-court judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). In *Exxon Mobil*, the Supreme Court confined the doctrine to cases brought

---

June 1, 2026, Doc. 48, not June 3, the date the appeal was docketed with this Panel.



Appellate Case: 26-6018 Page: 7 Date Filed: 10/30/2026 Entry ID: 5700858

by (1) state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the federal proceedings commenced and (4) inviting federal-court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Appellees' newest authority does not help them. *T.M.* decided only that the doctrine may apply while the state-court judgment remains subject to further state appellate review, a question not presented here. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 608 U.S. 668, 672 (2026). The Court was explicit that it "neither expands nor constrains" the doctrine, which remains "narrowly confined" to the *Exxon Mobil* formulation. *Id.* at 688. The phrase "inextricably intertwined" appears nowhere in the opinion.

The Eighth Circuit has said the same thing about the very language Appellees invoke. The "indirect attempts" formulation that Appellees quote from *Gisslen* originated in *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). *See Gisslen*, 345 F.3d at 627 (quoting *Lemonds*). In *Shelby County*, the Eighth Circuit quoted that formulation and held that *Lemonds* "has been superseded by the Supreme Court's clarification of the Rooker-Feldman doctrine," explaining that applying the doctrine as *Lemonds* had would "echo the pre-*Exxon Mobil* lower-court rulings that expanded the doctrine too far." *Shelby Cnty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 840–41 (8th Cir. 2017). *Sutter* likewise cited *Lemonds*

as an example of the pre-2005 approach under which even "inextricably intertwined" claims "fell into the dismissal trap," *Sutter & Gillham PLLC v. Henry*, 146 F.4th 699, 702 (8th Cir. 2025), and it vacated a dismissal resting on the premise that the plaintiffs should have appealed in state court rather than sue in federal court, describing the district court's reasoning as "a trip back in time," *id.* at 703. *Gisslen*, which predates *Exxon Mobil*, rests on the same superseded approach.

The same is true of *Ferren v. Searcy Winnelson Co. (In re Ferren)*, 203 F.3d 559 (8th Cir. 2000) (per curiam), which Appellees also cite. Appellees' Br. 19. *Ferren* predates *Exxon Mobil*; it rests on *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034–35 (8th Cir. 1999), *see* 203 F.3d at 560, which *Sutter* identified as exemplifying the broad pre-*Exxon* approach, 146 F.4th at 702; and the relief sought there would have required the bankruptcy court to "effectively void" a state-court decision, 203 F.3d at 559–60. Avoidance under § 522(f) eliminates the lien to the extent prescribed by federal law without vacating the underlying money judgment.

Labeling Monroe's claim "intertwined" with a state-court ruling therefore establishes nothing. The question is whether *Exxon Mobil*'s requirements are met. They are not.

### B. Monroe's Motion Does Not Seek Review and Rejection of Any State-Court Judgment.



Appellate Case: 26-6018 Page: 9 Date Filed: 10/30/2026 Entry ID: 5700858

The dispositive question is whether the federal claimant asserts as his legal wrong an allegedly erroneous state-court decision and seeks its rejection as his remedy, or instead asserts an independent claim, even one that denies a legal conclusion the state court reached. *Sutter*, 146 F.4th at 702 (citing *MSK EyEs Ltd. v. Wells Fargo Bank, Nat'l Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008), and *Exxon Mobil*, 544 U.S. at 293); *Caldwell v. DeWoskin*, 831 F.3d 1005, 1008 (8th Cir. 2016). *Sutter* supplies a practical test: whether the state-court judgment would remain intact if the federal claimant received everything he asked for. 146 F.4th at 703.

Monroe's motion passes that test. If Monroe prevails, every state-court ruling remains in place. The money judgment that gave rise to JB's lien, *see* Order at 12, stands, and JB's retains its claim. Monroe acknowledged that the lien attached, Order at 2, and his motion presupposes it: § 522(f) avoids liens that are valid under state law, which is the only reason it is needed. Nor would relief vacate, reverse, or modify the April 11, 2024 order denying the Petition to Quash Execution. That is the opposite of the paradigm case, in which the federal plaintiff asks the court to declare the state-court order void and to enjoin its enforcement. *T.M.*, 608 U.S. at 676. And it is the situation the Eighth Circuit addressed in *Shelby County*, where the federal plaintiff "d[id] not seek to reverse" a state probate order and instead sought relief against the adverse parties, even though the district court believed that recognizing

a valid lien "would effectively reverse" the probate court's determination that the lien was void. 855 F.3d at 840–41.

Courts have applied the same reasoning to § 522(f) motions. *See In re Quade*, 482 B.R. 217, 234–35 (Bankr. N.D. Ill. 2012) (rejecting Rooker-Feldman and res judicata where a state court had held that the debtor waived her state-law exemptions, because the bankruptcy court was "not acting to overturn, set aside or otherwise interfere with" the state orders, which "remain[ed] the law," and "[t]he questions put to this court are different ones"), *aff'd*, 498 B.R. 852 (N.D. Ill. 2013); *In re Mus*, 598 B.R. 623, 628–30 (Bankr. D. Minn. 2019) (holding that a § 522(f) motion directed at liens arising from state-court judgments is not an attack on the validity of those judgments, and that a contrary rule "would render useless the provisions of section 522(f)").

Appellees' premise also misdescribes the April 11 order. Appellees say the state court rejected Monroe's claim that the Trust qualifies under § 456.950. Appellees' Br. 3, 6, 20, 23. The order does not mention § 456.950 or a qualified spousal trust. It describes Monroe's argument as one that the property is "owned in Tenancy in the Entirety" and resolves it by reading Item 7 of the Trust. Doc. 18-9. Even assuming the order implicitly rejected Monroe's statutory argument, that overlap does not establish that his motion seeks review and rejection of a state-court judgment.

Appellees acknowledge that Monroe did not expressly seek nullification and that the remedies sought in the two proceedings differ. Appellees' Br. 22–23. Their position therefore depends on treating the overlapping exemption issue as an impermissible request for review and rejection.

The automatic stay illustrates the distinction: when Monroe filed, 11 U.S.C. § 362(a) halted the execution the April 11 order had allowed, yet no one contends that the stay "reviewed and rejected" that order. Section 522(f) likewise imposes a federal consequence on a judgment that remains valid.

Appellees' argument on the injury element fares no better. They contend Monroe complains of injuries caused by the April 11 order because his arguments in the bankruptcy court "mirror" those in the Petition to Quash. Appellees' Br. 21. But the injury element looks to the source of the injury, not to overlap in the parties' arguments. *McCormick v. Braverman*, 451 F.3d 382, 393–94 (6th Cir. 2006). The injury § 522(f) addresses is the impairment of an exemption by a judicial lien, and that lien arose by operation of Missouri law from the money judgment, a judgment Monroe does not challenge. Overlap in arguments is a matter for preclusion law, addressed in Part I.E below, not for Rooker-Feldman.

Finally, that the bankruptcy proceeding involves the same parties, the same property, and an overlapping legal question does not implicate the doctrine. In *MSK EyEs*, claims against the plaintiffs' state-court adversary arising from its conduct in

obtaining and enforcing a state judgment were not barred, even though the plaintiffs complained of injuries caused by that judgment, because they did not seek its review and rejection. 546 F.3d at 539. And *T.M.* itself noted that a separate federal suit involving the same parties and facts did not implicate the doctrine because it did not seek review and rejection of the state-court order. 608 U.S. at 687 n.10.

### C. Caldwell Confirms the Point.

*Caldwell* is the Eighth Circuit's closest bankruptcy analogue. A Missouri court held a Chapter 13 debtor in contempt after ruling that the automatic stay did not apply. 831 F.3d at 1007. When the debtor sued his former spouse and her attorney for violating the stay, the lower courts held that Rooker-Feldman barred the claims because they would require overruling the state court's stay determination. *Id.* at 1008. The Eighth Circuit reversed. The debtor's claims challenged the defendants' conduct in seeking and executing the state contempt orders, not the orders themselves, and the court remanded for the bankruptcy court to determine whether the claims were precluded "based on the state court's determination that the automatic stay did not bar its contempt proceedings." *Id.* at 1009.

Appellees distinguish *Caldwell* on the ground that the contempt judgment had been reversed on appeal. Appellees' Br. 26–27. The Eighth Circuit did note the reversal, 831 F.3d at 1009, but the state appellate court never reached the stay ruling, *id.* at 1007 & n.3, and the Eighth Circuit treated that ruling's effect as a question of

preclusion, not jurisdiction, *id.* at 1009. *Caldwell* thus confirms that, when a debtor asserts an independent federal claim without seeking review and rejection of a state-court judgment, the effect of a prior state-court determination is a question of preclusion, not a jurisdictional bar.

### D. Appellees Misread Sutter.

Appellees say *Sutter* turned on the plaintiffs' nonparty status and the timing of the judgment. Appellees' Br. 27. It rested instead on the absence of any request to review and reject the state-court judgment; given that conclusion, the court said, those other questions "hardly matter[ed]." 146 F.4th at 703–04. The same requirement is missing here.[3]

### E. Preclusion Is Not a Basis for Affirmance on This Record.

Appellees' real complaint is that Monroe "made the same argument" the state court rejected, Appellees' Br. 21–22, and seeks a "re-do" of the state court's

[3]Appellees also invoke *Lepar*, *Zambre*, *Schweizer*, and *Speyside*. Appellees' Br. 23–26. *Lepar* and *Zambre* predate *Exxon Mobil*, and in each the state-court judgment itself foreclosed the exemption. *In re Lepar*, 272 B.R. 758, 760–61 (Bankr. M.D. Fla. 2001); *In re Zambre*, 306 B.R. 428, 430–31 (Bankr. D. Mass. 2004). *Schweizer* applied the "inextricably intertwined" test. *In re Schweizer*, No. 6:07-bk-04679-ABB, 2008 WL 5636386, at *4 (Bankr. M.D. Fla. Oct. 23, 2008). And the objection in *Speyside* would have done "violence to" a foreclosure judgment that expressly adjudicated the movant's ownership of the loan. *In re Speyside Holdings LLC*, 679 B.R. 884, 896 (Bankr. E.D.N.Y. 2026). Monroe's motion contests nothing the money judgment decided.

conclusion, *id.* at 7. That describes issue preclusion, and Rooker-Feldman "is not simply preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (per curiam). When a federal claimant presents an independent claim that denies a state court's legal conclusion, the federal court has jurisdiction, and "state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 293 (quoting *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)); *see Caldwell*, 831 F.3d at 1009; *Sutter*, 146 F.4th at 704.

Appellees have not argued preclusion, here or below, and the Bankruptcy Court did not decide it. Preclusion is an affirmative defense. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Although the Panel may affirm on any basis supported by the record, the Eighth Circuit has declined to affirm on a preclusion ground that was difficult and that the lower court never considered, even where, unlike here, the appellee asked it to. *Lund-Ross Constructors, Inc. v. Buchanan (In re Buchanan)*, 31 F.4th 1091, 1096 (8th Cir. 2022); *see Arrieta v. Smith (In re Smith)*, 673 B.R. 1, 10 (B.A.P. 8th Cir. 2025). Whether preclusion applies here would turn on unresolved questions of Missouri law that no court has addressed, including what the April 11 order necessarily decided and whether that order, captioned an "Order" and denying a request to quash "Execution of Garnishment," is a final judgment for preclusion purposes. If the Panel considers preclusion relevant at all, the proper course is the one the Eighth Circuit followed in *Sutter* and *Caldwell*: leave it to the Bankruptcy

Court in the first instance. *Sutter*, 146 F.4th at 704; *Caldwell*, 831 F.3d at 1009; *see Buchanan*, 31 F.4th at 1096.

## II. The Monroe Trust Is a Qualified Spousal Trust, and Item Seven Is Not "Inconsistent With" § 456.950.

### A. Appellees Do Not Dispute That the Trust Satisfies § 456.950.1.

A qualified spousal trust is one created by married settlors whose terms provide that, during their joint lives, all property is held in one trust for both settlors, revocable by either or both, with each entitled to distributions from the entire trust for their joint lives and the survivor's life. Mo. Rev. Stat. § 456.950.1(1), (2)(a).[4] The Monroe Trust meets each requirement. Robert and Gina Monroe, husband and wife, created it as Grantors and hold all property in a single trust for their benefit. Doc. 18-1 at 1. The "entire net income derived from the trust estate shall be paid to, or upon the order of, the Grantors . . . so long as the Grantors, or either of them, shall live." *Id.* at 2 (Item One A). And the Trust is revocable by both Grantors acting jointly during their joint lifetime and by the survivor thereafter. *Id.* at 16–17 (Item Eleven A).

---

[4]The version of § 456.950 in effect from August 28, 2015 through August 27, 2024 governs, because exemptions are determined as of the petition date, July 11, 2024. *See In re Brewer*, 544 B.R. 177, 183–84 (Bankr. W.D. Mo. 2015); *Olsen v. Reuter (In re Reuter)*, 499 B.R. 655, 670 (Bankr. W.D. Mo. 2013). The 2024 amendment (L. 2024, S.B. 1359) took effect after the petition date and does not alter the analysis. Citations to § 456.950 are to the 2015 version, which is reproduced in the Addendum.

Appellees do not contend otherwise. They acknowledge that the Trust shares features of entireties ownership. Appellees' Br. 7. Appellees identify no separate defect in the settlor, revocability, or distribution requirements of § 456.950.1. Their merits argument instead rests on the asserted effect of Item Seven and their objection to the statute's bankruptcy consequences.

### B. Section 456.950 Displaces the Common-Law Severance Rule on Which Appellees Rely.

Appellees' merits argument is the common-law rule that an entireties estate may be severed "by agreement, actual or implied, or by any conduct or course of dealing" showing that the spouses treated their interests as held in common. Appellees' Br. 9 (quoting *In re Stanke*, 234 B.R. 439, 442 (Bankr. W.D. Mo. 1999)). The statute supplies a different rule. All property held in a qualified spousal trust "shall have the same immunity from the claims of a separate creditor of either settlor as if such property were held outside the trust by the settlors as tenants by the entirety, unless otherwise provided in writing by the settlor or settlors who transferred such property to the trust." § 456.950.3. As the leading Missouri treatise reads the 2015 amendment, "as long as the basic requirements for a qualified spousal trust in subsection 1 are met," all trust property receives that immunity. 4A John A. Borron, Jr. & David M. English, *Missouri Practice: Probate and Surrogate Laws*

*Manual* § 456.950 author's cmt. (2d ed. Supp. 2026). Appellees do not dispute that those requirements are met. *See supra* Part II.A.

The Legislature specified that settlors may provide otherwise in writing. Appellees rely on Item Seven as a written manifestation of severance, but its administrative grant of trustee powers does not provide that trust property loses the immunity conferred by § 456.950.3. Nor does Item Seven contradict the statutory qualification requirements, as explained below. Statutes displace the common law to the extent of any inconsistency, *State ex rel. Schmitt v. Crane*, 641 S.W.3d 357, 367 (Mo. Ct. App. 2021), and decisions rendered without statutory authority cannot be used "to defeat legislation enacted to cure that very deficiency," *Clark Oil & Ref. Corp. v. Ashcroft*, 639 S.W.2d 594, 596 (Mo. 1982) (en banc). Appellees respond to neither authority. *See* Appellant's Br. 13–14.

*Stanke* illustrates the difference. Decided twelve years before § 456.950 existed, it involved a written agreement converting the spouses' property to a tenancy in common, separate trusts, and terms letting either trustee act "without the consent of any other Trustee" and each settlor withdraw property "in any amount and at any time." 234 B.R. at 443–46. The Monroe Trust has none of those features.

**C. Brewer Supports Monroe.**

Appellees acknowledge that *Brewer* did not apply the 2015 amendment. Appellees' Br. 11; *see Brewer*, 544 B.R. at 183–84. That limitation matters because

Monroe's 2024 petition is governed by the 2015 version. And *Brewer* described that amendment as "arguably loosening" the statute's requirements by removing the requirement that the settlors "act together." *Id.* at 183. The joint-action requirement that *Brewer* found in the 2014 statute, *id.* at 182, is the textual premise of Appellees' argument, and it no longer exists. The leading Missouri treatise notes that *Brewer* relied "[p]rincipally" on joint-trust cases decided before the statute's enactment and that, because it applied the 2014 version, "its precedential value may be limited." Borron & English, *supra*, § 456.950 author's cmt.

*Brewer*'s holding also turned on a feature the Monroe Trust lacks: a beneficial right of partition that allowed each spouse to restrict, transfer, or withdraw half the trust assets. *Id.* at 182–83. Notably, the trust in *Brewer* also provided that "[e]ither or both" spouses "may exercise dominion and control over any and all of the trust assets," and the court counted that provision among the trust's qualifying features, not its defects. *Id.* at 179, 182. The Monroe Trust contains no partition right. It requires both Grantors, acting jointly, to revoke, withdraw assets, or amend during their joint lifetime. Doc. 18-1 at 16–18 (Item Eleven A(1), B(1), C(1)). Neither spouse can take any part of the trust estate alone.

### D. Appellees Misread Item Seven.

Appellees' argument depends on reading Item Seven to give each spouse, acting alone, the power to sell or encumber the Property. Appellees' Br. 9–11. The Trust does not say that.

*First*, the power runs to "the Trustee," which the Trust defines as Robert and Gina Monroe together. Doc. 18-1 at 1 ("ROBERT K. MONROE AND GINA K. MONROE . . . (hereinafter referred to as the 'Trustee')"). Item Seven A grants "the Trustee" power to manage, control, and invest the trust estate "as if the absolute owner thereof." *Id.* at 8. The phrase on which Appellees and the Order rely, "any specific individual Trustee," Appellees' Br. 9–10; Order at 14, appears in the clause that limits that grant. The full sentence begins:

> Subject always to any express restriction or limitation provided with respect to any specific trust estate created hereunder and to any express restriction on participation in the exercise of any power granted herein by any specific individual Trustee, the Trustee of any trust estate created hereunder shall have as full power and authority . . . .

Doc. 18-1 at 8 (Item Seven A). The phrase refers to the Trust's express restrictions on particular trustees' participation, such as Items Seven D and Four E(5). *Id.* at 7–8, 13. Read as written, the phrase confers nothing on an individual trustee.

*Second*, while both spouses serve, the trustee powers are held jointly. Item Nine B(1) treats every "title, estate, right and discretion" under the Trust as "vested in or conferred on the Co-Trustees," and it provides for a single co-trustee to exercise



Appellate Case: 26-6018 Page: 20 Date Filed: 10/30/2026 Entry ID: 5700858

them when "continuing to act as the sole Trustee," which occurs upon the other's death, disability, incapacity, refusal to act, or resignation. Doc. 18-1 at 13–14 (Item Nine A, B(1)). Item Nine G, in turn, gives either Grantor, "acting alone," only the power to take "actions of a ministerial and nondiscretionary nature necessary or appropriate to carry out the decisions of the Co-Trustees." *Id.* at 15. That carefully limited grant of individual authority would be meaningless if each spouse already held every Item Seven power individually. Missouri courts read a trust "as a whole," without giving "any particular clause 'undue preference,'" *In re Glendale Lee Becking Tr.*, 648 S.W.3d 810, 817 (Mo. Ct. App. 2022), and decline constructions that render a provision meaningless, *see Larson v. Winkler*, 690 S.W.3d 193, 200, 204 (Mo. Ct. App. 2024).

The Trust's structure tracks settled Missouri law. By default, "[c]otrustees shall act by majority decision," which for two co-trustees means both, and each must participate in the trustee's functions unless unavailable or the function has been properly delegated. Mo. Rev. Stat. § 456.7-703.1, .3. The common-law rule is the same: when a settlor appoints co-trustees, "they all form, as it were, one collective trustee" and "must perform their duties in their joint capacity," although ministerial duties may be performed through an agent. *Walker v. James*, 85 S.W.2d 876, 884 (Mo. 1935) (internal quotation marks omitted). That is the arrangement *In re Bellingroehr*, 403 B.R. 818 (Bankr. W.D. Mo. 2009), found preserved the entireties



Appellate Case: 26-6018 Page: 21 Date Filed: 10/30/2026 Entry ID: 5700858

estate even before § 456.950 existed: a single joint trust whose spouse-trustees could not revoke it or transfer its assets without each other's consent. *Id.* at 820 n.2, 821–22. The Bankruptcy Court relied on *Bellingroehr* for the severance standard, Order at 14, but *Bellingroehr* supports Monroe.

*Third*, every trustee power is fiduciary. "Notwithstanding any other provision" of the Trust, "all discretions, powers and authority shall be exercised by the Trustee in a fiduciary capacity, prudently and exclusively in the interest of the beneficiaries hereof," who are both spouses. Doc. 18-1 at 8–9 (Item Seven A). A trustee who sells or mortgages trust property for trust purposes does not withdraw a share for himself; he converts trust property into other trust property. *Stanke* reasoned, before the statute existed, that fiduciary duties did not matter because even a prudent sale and reinvestment would be impossible for entireties property. 234 B.R. at 445. Section 456.950 answers that concern: protected "property" includes "any property into which such interest, proceeds, or income may be converted." § 456.950.4. That is categorically different from the beneficial partition right in *Brewer*.

*Fourth*, the "absolute owner" language describes the powers every Missouri trustee holds by default: all powers over trust property that an unmarried competent owner has over individually owned property, "subject to the fiduciary duties" the Code prescribes. Mo. Rev. Stat. § 456.8-815.1(2)(a), .2. If such default powers



Appellate Case: 26-6018 Page: 22 Date Filed: 10/30/2026 Entry ID: 5700858

defeated qualification, no ordinary revocable trust could qualify. The statute, which expressly contemplates trustee administration and discretionary distributions, cannot be read that way. § 456.950.1(2)(a), .2.

**E. Appellees Apply the Wrong Test.**

Appellees argue that Item Seven "appears overly broad and inconsistent with the purpose behind the creation of a tenancy by entirety asset." Appellees' Br. 11. The statute asks whether a term is "inconsistent with the provisions of this section," § 456.950.2, and Appellees identify no provision that Item Seven contradicts. Substituting the "purpose" of common-law entireties ownership for the statute's text would let the displaced common law defeat the directive that qualifying property "shall be treated" as entireties property. § 456.950.3; *see* Appellant's Br. 17–18.

**F. Appellees' Federalism Objection Is Unsupported.**

Appellees "question the ability of the Missouri legislature" to direct entireties treatment for bankruptcy purposes and note that no case has interpreted the 2015 amendment. Appellees' Br. 11. They cite no authority and develop no argument, and an argument presented that way is waived. *See United States v. Daye*, 90 F.4th 941, 944–45 (8th Cir. 2024) (treating as waived a two-sentence argument made without citation); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). The objection also misses the point. The Bankruptcy Court held that the Property is property of the estate, Order at 10–11; Appellees embrace that holding, Appellees'

Br. 8–9; and no one has appealed it. The question is whether Monroe may exempt his interest, and Congress answered that question by reference to state law. 11 U.S.C. § 522(b)(3); *Butner v. United States*, 440 U.S. 48, 55 (1979); *In re Belew*, 588 B.R. 875, 877–78 (B.A.P. 8th Cir. 2018) (when a debtor claims a state-created exemption, its scope is determined by state law (citing *Law v. Siegel*, 571 U.S. 415, 425 (2014))). Missouri law gives qualifying trust property the same immunity from separate creditors as entireties property. § 456.950.3. Apart from the Order, which did not analyze the statute's text, the only decisions to cite § 456.950 are *Reuter*, which declined to apply its amendments retroactively, 499 B.R. at 669–70, and *Brewer*, which applied the 2014 version, 544 B.R. at 183–84. That no court has yet construed the 2015 text is not a reason to disregard it.

## III. Rule 9029(b) Barred Denial of Relief for Failure to Use Local Form 56.

### A. Appellees Do Not Contend That Any Departure Was Willful.

A local rule imposing a requirement of form "must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Bankr. P. 9029(b).[5] The Bankruptcy Court denied relief because "Debtor did not complete Local Form 56." Order at 13. Appellees do not contend that Monroe's

[5]Federal Rule of Bankruptcy Procedure 9029(b) took its current form in the December 1, 2024 restyling. The same limitation previously appeared, in substantively identical terms, at Rule 9029(a)(2).

departure from the form was willful. They argue instead that "departure from the form provided is grounds for the Bankruptcy Court to deny" the motion, Appellees' Br. 15–16, and they concede that the court "was not required to deny relief," *id.* at 17. That is precisely the enforcement Rule 9029(b) prohibits.

The Eighth Circuit has applied that limitation to a local rule of this same bankruptcy court. In *Reed*, the district court struck a notice of appeal that did not comply with an Eastern District of Missouri local bankruptcy rule. The Eighth Circuit held the rule valid but reversed, explaining that such enforcement may be appropriate to sanction a "willful failure to comply with the local rule," and the lower court "made no such finding." *Briggs v. Rendlen (In re Reed)*, 943 F.3d 849, 851–52 (8th Cir. 2019) (citing former Fed. R. Bankr. P. 9029(a)(2)). The Order here made no such finding either. *See* Order at 12–13.

After the October 22, 2024 hearing, the Bankruptcy Court directed briefing only on whether the Property was property of the estate. Order at 4. Appellees identify no record basis for a finding of willfulness.

### B. Appellees Confuse a Rule's Validity With Its Enforcement.

Appellees' authorities establish that bankruptcy courts may adopt and enforce local rules. Appellees' Br. 12–13, 16 (citing *Schroeder v. Rouse (In re Redding)*, 265 B.R. 601, 603 (B.A.P. 8th Cir. 2001); *In re Moche*, 679 B.R. 135, 140–41 (Bankr. S.D.N.Y. 2026); *Bank of Am., N.A. v. Outboard Marine Corp. (In re Outboard*



Appellate Case: 26-6018 Page: 25 Date Filed: 10/30/2026 Entry ID: 5700858

*Marine Corp.)*, 300 B.R. 308, 313 (Bankr. N.D. Ill. 2003); *Specialized Loan Servicing, LLC v. Devita*, 610 B.R. 513, 523 (E.D.N.C. 2019)). Monroe does not dispute that Local Rule 4003-2 is valid. As *Reed* shows, a valid local rule can still be enforced improperly. 943 F.3d at 851–52. Rule 9029(b) limits how a valid form requirement may be enforced, local rules must be consistent with the national rules, Fed. R. Bankr. P. 9029(a)(1)(A), and Local Rule 1001(B)'s general warning that noncompliance "may result in denial of relief" cannot authorize what Rule 9029(b) forbids.

None of Appellees' authorities addresses that limitation. *Redding* involved sanctions for an attorney's failure to disclose his compensation, 265 B.R. at 602–03; *Moche*, a motion to withdraw; *Outboard Marine*, an untimely cross-motion, 300 B.R. at 313–14; and *Devita*, whether a local rule was procedural and thus valid under Rule 9029(a)(1), 610 B.R. at 523.

### C. The Motion and Its Exhibits Presented Every Element of the Claim.

The rule itself separates substance from form. Local Rule 4003-2(A) provides that every lien-avoidance motion "must contain" a specific description of the property and a description of the documents giving rise to the lien, but only that motions to avoid judicial liens on real property "should be filed using the Local Form." Bankr. E.D. Mo. L.R. 4003-2(A). Monroe's motion contained both required



Appellate Case: 26-6018 Page: 26 Date Filed: 10/30/2026 Entry ID: 5700858

items. Doc. 18 ¶¶ 4, 7; Doc. 18-2. The Order treated the form as mandatory, Order at 12–13, and Appellees call it "mandated," Appellees' Br. 14, but the rule says "should."

Monroe's motion was, moreover, built on the Local Form. It bears the form's title and caption, reproduces its notice language verbatim, and tracks its jurisdictional, impairment, and prayer paragraphs. *Compare* Doc. 18 at 1–2 & ¶¶ 1–2, 21, *with* Appellees' Appx. A6–A8. What it lacked were the dollar figures called for in the form's paragraphs 6 through 9, which is why the Order faulted Monroe for failing to "complete" the form. Order at 13.

Appellees characterize the omitted lien amount and impairment calculation as both a departure from Local Form 56[6] and a failure to establish statutory impairment. Appellees' Br. 15–17. Rule 9029(b) does not excuse missing substantive proof, but here the motion and record supplied the relevant information, as the following comparison shows:

| **Local Form 56 (rev. 7/2021)** | **Information required** | **Where it appears in Monroe's motion or the record** |
|---|---|---|
| ¶ 1 | Petition date | Doc. 18 ¶ 1 |
| ¶ 2 | Jurisdiction | Doc. 18 ¶ 2 |

[6]Paragraph references are to Local Form 56 as revised in July 2021, the version in effect when Monroe filed his motion, which Appellees reproduce. Appellees' Appx. A6–A8. Appellees' brief cites the paragraph numbering of a later revision. Appellees' Br. 15.

| | | |
|---|---|---|
| ¶ 3 | Judgment, lien, property, and amount | Doc. 18 ¶¶ 4, 7; amended judgment attached as Doc. 18-2 ($124,103.07 plus interest) |
| ¶ 4 | Transcription of associate circuit judgment | Not separately stated |
| ¶ 5 | Fair market value | Doc. 18 ¶ 19 ($250,000) |
| ¶ 6 | Exemption claimed | Doc. 18 ¶ 20 ("any equity," § 513.475.2) |
| ¶ 7 | Other liens | Schedules (Doc. 11); Order at 1–2 (deed of trust, $97,000) |
| ¶ 8 | Judicial lien balance at petition date | Doc. 18-2 (principal); interest is arithmetic |
| ¶ 9 | Impairment and calculation | Doc. 18 ¶ 21 (impairment alleged in the form's words); calculation not separately stated |
| ¶ 10 | Full or partial avoidance | Prayer for full avoidance (Doc. 18 at 4) |

Appellees' own statement of the case takes the judgment amount, $124,103.07 plus interest, from the amended judgment attached to Monroe's motion. Appellees' Br. 2 (citing Doc. 18-2 at 2). The deed of trust appears in Monroe's schedules and in the Order itself. Order at 1–2. What remained was arithmetic.

### D. The Asserted Entireties Exemption Requires Full Avoidance if Sustained.

Section 522(f)(2)(A) supplies "a simple arithmetic test." *Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)*, 273 B.R. 199, 202 (B.A.P. 8th Cir. 2002)

(quoting *In re Gostian*, 215 B.R. 237, 238 (Bankr. M.D. Ala. 1997)), *aff'd*, 328 F.3d 406 (8th Cir. 2003). A judicial lien impairs an exemption to the extent that the sum of the lien, all other liens, and "the amount of the exemption that the debtor could claim if there were no liens on the property" exceeds the value of the debtor's interest absent any liens. 11 U.S.C. § 522(f)(2)(A). The Eighth Circuit applies that formula as written. *Kolich*, 328 F.3d at 409–10.

Under Missouri law, a creditor of only one spouse cannot reach entireties property, and the Code exempts the debtor's interest "to the extent" it is so protected. *Garner v. Strauss (In re Garner)*, 952 F.2d 232, 234–35 (8th Cir. 1991); *Van Der Heide v. LaBarge (In re Van Der Heide)*, 164 F.3d 1183, 1184 (8th Cir. 1999); 11 U.S.C. § 522(b)(3)(B). If the Property receives the entireties protection asserted here against these creditors, the exemption available absent liens encompasses the full value of Monroe's protected interest.[7] On that premise, the sum in § 522(f)(2)(A)

[7]Monroe's Schedule C lists the exemption at $70,000 (Doc. 11 at 13); his motion claimed "any equity" in the Property as exempt (Doc. 18 ¶ 20). Local Rule 4003-1 required Monroe to list "the dollar value of the claimed exemption" on Schedule C. Bankr. E.D. Mo. L.R. 4003-1(3). Section 522(f)(2)(A)(iii) measures the exemption the debtor "could claim," not the figure scheduled. *See Owen v. Owen*, 500 U.S. 305, 310–11 (1991) (impairment is measured against the exemption to which the debtor "would have been entitled but for the lien itself"); *In re Scannell*, 453 B.R. 36, 40 (Bankr. D.N.H. 2011). And for an exemption without a dollar limit, the scheduled amount does not define what is exempt. The Supreme Court confined its reliance on a debtor's listed dollar value to assets "not subject to an unlimited or in-kind exemption," and it distinguished capped exemptions from those permitting exemption of property "in kind or in full regardless of value." *Schwab v. Reilly*, 560 U.S. 770, 784, 792 (2010); *see id.* at 802 n.8 (Ginsburg, J., dissenting) (for

necessarily exceeds that value by at least the amount of the judicial lien, requiring full avoidance. The omitted calculation therefore supplies no independent ground for denial if Monroe prevails on the exemption issue.

### E. At a Minimum, the Defect Was Curable.

Appellees concede that the Bankruptcy Court "was not required to deny relief." Appellees' Br. 17. Rule 9029(b) required it not to. If the court wanted the calculation set out in the prescribed format, the appropriate course was to let Monroe cure the omission, not to deny him a statutory remedy. *See Reed*, 943 F.3d at 851–52 (court erred in denying an opportunity to cure a local-rule defect); *In re Swizzlestick, L.L.C.*, 253 B.R. 264, 267 (Bankr. W.D. Mo. 2000) (where the parties' rights were adequately presented and no prejudice resulted, "form will not be elevated over substance" (quoting *In re Command Servs. Corp.*, 102 B.R. 905, 908 (Bankr. N.D.N.Y. 1989))).

## IV. Reversal Rather Than Remand Is the Appropriate Remedy.

---

uncapped exemptions, "the debtor gets the asset in full every time"). Bankruptcy courts in this Circuit draw the same line. *Bob Sutton Realty & Loans, LLC v. Darnell (In re Darnell)*, Adv. No. 24-01008-357, 2025 WL 1165252, at *4 n.2 (Bankr. E.D. Mo. Apr. 21, 2025) (where an exemption is unlimited, "the amounts claimed are irrelevant" (quoting *In re Bergman*, 663 B.R. 768, 774 (Bankr. D. Neb. 2024))). The Bankruptcy Court never reached the computation.

Appellees do not respond to Monroe's argument on remedy. *See* Appellant's Br. 34–35. The relevant trust provisions are in the record, the material facts are undisputed, and each issue presented is a question of law reviewed de novo. Reversal, rather than remand, is therefore the appropriate remedy. The Panel should hold that the Monroe Trust qualifies as a qualified spousal trust under § 456.950 and that the Property retained tenancy-by-the-entirety treatment for purposes of Missouri exemption law and federal bankruptcy proceedings. The Panel should further hold that the Bankruptcy Court erred in denying Monroe's § 522(f) motions based on a nonwillful defect of form and in applying the Rooker-Feldman doctrine. The case should be remanded solely for such further proceedings as may be necessary to implement those legal determinations.

## CONCLUSION

The Panel should reverse the Bankruptcy Court's Order denying Monroe's motions to avoid the judicial liens of JB's and the Nichols and remand solely for such further proceedings as may be necessary to implement its legal determinations.

Respectfully submitted,
SUMMERS COMPTON WELLS LLC
By: /s/ Andrew R. Magdy
Andrew R. Magdy, #60390
903 S. Lindbergh Blvd., #200
St. Louis, MO 63131

(314) 991-4999
amagdy@summerscomptonwells.com

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Appellant's Reply Brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(ii) because, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g), it contains 6,380 words. This brief further complies with the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully submitted,

SUMMERS COMPTON WELLS LLC
By: /s/ Andrew R. Magdy
Andrew R. Magdy, #60390
903 S. Lindbergh Blvd., #200
St. Louis, MO 63131
(314) 991-4999
amagdy@summerscomptonwells.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the Court's ECF system on this 28th day of October, 2026 on all those requesting notice.

/s/ Andrew R. Magdy
Andrew R. Magdy